IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                OPINION AND ORDER

              Plaintiff,

                                                                 03-cr-171-jcs[1]

    v.

SHANE BRADLEY,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Shane Bradley has filed a motion pursuant to Fed. R. Crim. P. 36 to correct clerical mistakes in his presentence report, which was prepared in May 2004. He says that it contains three mistakes. First, that he was convicted in the Circuit Court for Jefferson County, Wisconsin of possession of THC with intent to deliver, whereas his actual conviction was for possession of THC and drug paraphernalia. Second, that he was convicted in the same court on another occasion of victim intimidation with the threat of force or violence, in violation of Wis. Stat. § 940.45(3), whereas his actual conviction was for victim intimidation accompanied by injury or damage to property of the victim, in

---

[1] This case was assigned originally to Judge John Shabaz. Now that he has taken senior status, I am handling defendant's motion to correct his presentence report.

1

violation of Wis. Stat. § 940.45(2). The third mistake he identifies is the recommendation in the report that he be classified as a career offender. As to that mistake, he says that its obviousness will be shown once the clerical mistakes are corrected. In support of his claims, defendant has submitted exhibits, including what appears to be a copy of a judgment of conviction in the Circuit Court for Rock County, Wisconsin.

Although defendant calls his motion one to correct clerical mistakes, it appears to be the first step in an effort to show that he was sentenced improperly as a career offender. It is too late for him to raise such a claim. The time for doing so was before he was sentenced or, at the latest, when he filed a motion for post conviction relief in 2005. Defendant raised no objection to the convictions before his sentencing and he raised none when he challenged the adequacy of his representation in his post conviction motion. Defendant should know that because he filed one post conviction motion, he is barred from pursuing a second one unless he were to obtain permission to do so from the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2255(h). It is unlikely that he could obtain such permission; to do so, he would have to show that he could not have discovered the facts about his prior convictions within one year after his sentence became final.

For the sake of completeness, I will address defendant's request for correction of his presentence report. When defendant was sentenced, the probation officer reported three offenses that qualified as either crimes of violence or felony controlled substance offenses.

One was a conviction in the Circuit Court for Rock County Rock County for possession of THC with intent to deliver.  (It appears that this is the conviction he is attacking, rather than one of his convictions in Jefferson County.)  If defendant's copy of his judgment and conviction is correct (it is not verified or otherwise authenticated), defendant was convicted of possession only and not of possession with intent to deliver.  In that circumstance, the offense should not have been included in the career offender calculation.  If it were left out, however, there remains a Jefferson County conviction for felony delivery of marijuana and conspiracy to deliver marijuana, which defendant has not mentioned, and a second Jefferson County conviction for felony intimidation with threat of force and felony false imprisonment.  Nothing in the papers defendant has submitted shows that it would have been improper to count the felony drug conviction as a prior felony controlled substance offense.  As to the conviction for felony intimidation, defendant contends that he was actually convicted only of subsection (2) of Wis. Stat. 940.45, which covers intimidation with injury to property, but, again, nothing in the papers he has submitted supports that contention.  Even if it did, defendant has not shown that the associated charge of felony false imprisonment would not have qualified as a crime of violence.

In short, defendant has shown no reason to correct his presentence report at this time.

ORDER

IT IS ORDERED that defendant Shane Bradley's motion for correction of his presentence report is DENIED.

Entered this 31st day of August, 2009.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge